HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN PEDER, for herself and as assignee of the
CHAPTER 7 BANKRUPTCY ESTATE OF X10
WIRELESS TECHNOLOGY, INC.,

Plaintiff,

v.

SCOTTSDALE INDEMNITY COMPANY also
doing business as SCOTTSDALE INSURANCE
COMPANY, an insurer authorized by the
Washington insurance commissioner, and
FREEDOM SPECIALTY INSURANCE
COMPANY, an insurer authorized by the
Washington insurance commissioner,

Defendants.

NO. 2:17-cv-01868-RSL

STIPULATED PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled

1    to confidential treatment under the applicable legal principles, and it does not presumptively

2    entitle parties to file confidential information under seal.

3    **2. "CONFIDENTIAL" MATERIAL** ~~includes~~ (RSL)

4    "Confidential" material ~~may include~~ documents and tangible things produced or

5    otherwise exchanged that contain:

6    (a)    confidential or proprietary information;

7    (b)    trade secrets; or

8    (c)    sensitive information that, if not restricted, may subject the producing or

9    disclosing party to competitive or financial injury.

10   **3. SCOPE**

11   The protections conferred by this agreement cover not only confidential material (as

12   defined above), but also (1) any information copied or extracted from confidential material;

13   (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

14   testimony, conversations, or presentations by parties or their counsel that might reveal

15   confidential material.

16   However, the protections conferred by this agreement do not cover information that is in

17   the public domain or becomes part of the public domain through trial or otherwise.

18   **4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

19   4.1    _Basic Principles._ A receiving party may use confidential material that is disclosed

20   or produced by another party or by a non-party in connection with this case only for prosecuting,

21   defending, or attempting to settle this litigation. Confidential material may be disclosed only to

22   the categories of persons and under the conditions described in this agreement. Confidential

23   material must be stored and maintained by a receiving party at a location and in a secure manner

24   that ensures that access is limited to the persons authorized under this agreement.

25

26

{DFS1766417.DOCX;1/00335.002130/ }
STIPULATED PROTECTIVE ORDER - 2
2:17-cv-01868-RSL

1      4.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

2  ordered by the court or permitted in writing by the designating party, a receiving party may

3  disclose any confidential material only to:

4        (a)   the receiving party's counsel of record in this action, as well as employees

5  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6        (b)   the officers, directors, and employees (including in house counsel) of the

7  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

8  agree that a particular document or material produced is for Attorney's Eyes Only and is so

9  designated;

10        (c)   experts and consultants to whom disclosure is reasonably necessary for

11  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

12  A);

13        (d)   attorneys who represented Plaintiff Peder or X10 Wireless Technologies,

14  Inc. in the underlying lawsuit (*Susan Peder v. X10 USA, Inc. et al.*, King County Superior Court

15  Case No. 11-2-44104-1 KNT) and/or the bankruptcy proceeding (*In re: X-10 Wireless*

16  *Technology, Inc.*, U.S. Bankruptcy Court for the Western District of Washington Case No.

17  13-17073-CMA) and who have signed the "Acknowledgment and Agreement to Be Bound"

18  (Exhibit A);

19        (e)   the court, court personnel, and court reporters and their staff;

20        (f)   copy or imaging services retained by counsel to assist in the duplication of

21  confidential material, provided that counsel for the party retaining the copy or imaging service

22  instructs the service not to disclose any confidential material to third parties and to immediately

23  return all originals and copies of any confidential material;

24        (g)   during their depositions, witnesses in the action to whom disclosure is

25  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

26  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

{DFS1766417.DOCX;1/00335.002130/ }
STIPULATED PROTECTIVE ORDER - 3
2:17-cv-01868-RSL

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1   transcribed deposition testimony or exhibits to depositions that reveal confidential material must
2   be separately bound by the court reporter and may not be disclosed to anyone except as permitted
3   under this agreement;

4           (h)     the author or recipient of a document containing the information or a
5   custodian or other person who otherwise possessed or knew the information.

6       4.3     Filing Confidential Material. Before filing confidential material or discussing or
7   referencing such material in court filings, the filing party shall confer with the designating party
8   to determine whether the designating party will remove the confidential designation, whether the
9   document can be redacted, or whether a motion to seal or stipulation and proposed order is
10  warranted.   Local Civil Rule 5(g) sets forth the procedures that must be followed and the
11  standards that will be applied when a party seeks permission from the court to file material under
12  seal.

13  **5. DESIGNATING PROTECTED MATERIAL**

14      5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party
15  or non-party that designates information or items for protection under this agreement must take
16  care to limit any such designation to specific material that qualifies under the appropriate
17  standards. The designating party must designate for protection only those parts of material,
18  documents, items, or oral or written communications that qualify, so that other portions of the
19  material, documents, items, or communications for which protection is not warranted are not
20  swept unjustifiably within the ambit of this agreement.

21      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
22  found by the court to be clearly unjustified or that have been made for an improper purpose (*e.g.,*
23  to unnecessarily encumber or delay the case development process or to impose unnecessary
24  expenses and burdens on other parties) expose the designating party to an award of sanctions by
25  the court.

26

{DFS1766417.DOCX;1/00335.002130/ }
STIPULATED PROTECTIVE ORDER - 4
2:17-cv-01868-RSL

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1    If it comes to a designating party's attention that information or items that it designated
2    for protection do not qualify for protection, the designating party must promptly notify all other
3    parties that it is withdrawing the mistaken designation.

4    5.2   Manner and Timing of Designations.   Except as otherwise provided in this
5    agreement (see, e.g., section 5.3 below), or as otherwise stipulated or ordered, disclosure or
6    discovery material that qualifies for protection under this agreement must be clearly so
7    designated before or when the material is disclosed or produced.

8    (a)   Information in documentary form:   (e.g., paper or electronic documents
9    and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial
10   proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that
11   contains confidential material. If only a portion or portions of the material on a page qualifies for
12   protection, the producing party also must clearly identify the protected portion(s) (e.g., by
13   making appropriate markings in the margins).

14   (b)   Testimony given in deposition or in other pretrial proceedings:   the parties
15   and any participating non-parties must identify on the record, during the deposition or other
16   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other
17   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after
18   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the
19   transcript, or exhibits thereto, as confidential.   If a party or non-party desires to protect
20   confidential information at trial, the issue should be addressed during the pre-trial conference.

21   (c)   Other tangible items:   the producing party must affix in a prominent place
22   on the exterior of the container or containers in which the information or item is stored the word
23   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
24   the producing party, to the extent practicable, shall identify the protected portion(s).

25   5.3   Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to
26   designate qualified information or items does not, standing alone, waive the designating party's

{DFS1766417.DOCX;1/00335.002130/ }
STIPULATED PROTECTIVE ORDER - 5
2:17-cv-01868-RSL

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1  right to secure protection under this agreement for such material. Upon timely correction of a

2  designation, the receiving party must make reasonable efforts to ensure that the material is

3  treated in accordance with the provisions of this agreement.

4  **6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5       6.1    Timing of Challenges. Any party or non-party may challenge a designation of

6  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

7  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

8  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

9  challenge a confidentiality designation by electing not to mount a challenge promptly after the

10  original designation is disclosed.

11       6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

12  regarding confidential designations without court involvement. Any motion regarding

13  confidential designations or for a protective order must include a certification, in the motion or in

14  a declaration or affidavit, that the movant has engaged in a good faith meet and confer

15  conference with other affected parties in an effort to resolve the dispute without court action.

16  The certification must list the date, manner, and participants to the conference. A good faith

17  effort to confer requires a face-to-face meeting or a telephone conference.

18       6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

19  intervention, the designating party may file and serve a motion to retain confidentiality under

20  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

21  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

22  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

23  other parties) may expose the challenging party to an award of sanctions by the court. All parties

24  shall continue to maintain the material in question as confidential until the court rules on the

25  challenge.

26

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately:

(a)     notify in writing the designating party of the unauthorized disclosures;

(b)     use its best efforts to retrieve all unauthorized copies of the protected material;

(c)     inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and

(d)     request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material (including material intentionally produced, but inadvertently without privilege or confidential designation) is subject to a claim of privilege or other protection, the obligations

{DFS1766417.DOCX;1/00335.002130/ }
STIPULATED PROTECTIVE ORDER - 7
2:17-cv-01868-RSL

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1   of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

2   provision is not intended to modify whatever procedure may be established in an e-discovery

3   order or agreement that provides for production without prior privilege review. The parties have

4   previously stipulated to the entry of a non-waiver order under Fed. R. Evid. 502(d).

5   **10. NON-TERMINATION AND RETURN OF DOCUMENTS**

6          Within 60 days after the termination of this action, including all appeals, each receiving

7   party must return all confidential material to the producing party, including all copies, extracts

8   and summaries thereof.   Alternatively, the parties may agree upon appropriate methods of

9   destruction.

10         Notwithstanding this provision, counsel are entitled to retain one archival copy of all

11  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

12  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

13  work product, even if such materials contain confidential material.

14         The confidentiality obligations imposed by this agreement shall remain in effect until a

15  designating party agrees otherwise in writing or a court orders otherwise.

16                   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

{DFS1766417.DOCX;1/00335.002130/ }
STIPULATED PROTECTIVE ORDER - 8
2:17-cv-01868-RSL

1    DATED this 6th day of August, 2018.

2                                        FOSTER PEPPER, PLLC

3
                                         By    s/Bradley W. Hoff
4                                              Bradley W. Hoff, WSBA #23974
                                               bradley.hoff@foster.com
5                                              Jason R. Donovan, WSBA #40994
                                               j.donovan@foster.com
6                                              1111 Third Avenue, Suite 3000
                                               Seattle, WA 98101
7                                              Tel: 206-447-4400
                                               Fax: 206-447-9700
8                                              Attorneys for Plaintiff Susan Peder

9                                        OGDEN MURPHY WALLACE, PLLC

10
                                         By    s/Daniel Shickich
11                                             Geoff J. Bridgman, WSBA #25242
                                               gbridgman@omwlaw.com
12                                             Daniel Shickich, WSBA #46479
                                               dshickich@omwlaw.com
13                                             901 Fifth Avenue, Suite 3500
                                               Seattle, WA 98164
14                                             Tel: 206-447-7000
                                               Fax: 206-447-0215
15                                             Attorneys for Defendants Scottsdale Indemnity
                                               Company and Freedom Specialty Insurance
16                                             Company

17

18          PURSUANT TO STIPULATION, IT IS SO ORDERED.

19    DATED this  10th  day of August, 2018.

20

21                                       _____
                                         Honorable Robert S. Lasnik
22                                       United States District Court Judge

23

24

25

26

{DFS1766417.DOCX;1/00335.002130/ }
STIPULATED PROTECTIVE ORDER - 9
2:17-cv-01868-RSL

1
2
<br>

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____      [print  or  type  full  name],  of

4  _____

5  [print or type full address], declare under penalty of perjury that I have read in its entirety and

6  understand the Stipulated Protective Order that was issued by the United States District Court for

7  the Western District of Washington on August ____, 2018 in the case of *Peder v. Scottsdale*

8  *Indemnity Company*, No. **2:17-cv-01868-RSL**. I agree to comply with and to be bound by all

9  the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

10  comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

11  promise that I will not disclose in any manner any information or item that is subject to this

12  Stipulated Protective Order to any person or entity except in strict compliance with the

13  provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15  Western District of Washington for the purpose of enforcing the terms of this Stipulated

16  Protective Order, even if such enforcement proceedings occur after termination of this action.

17  Date: _____

18  City and State where sworn and signed: _____

19  Printed name: _____

20  Signature: _____

21
22
23
24
25
26

{DFS1766417.DOCX;1/00335.002130/ }
STIPULATED PROTECTIVE ORDER - 10
2:17-cv-01868-RSL

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215